UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

COOPER/T. SMITH STEVEDORING
COMPANY, INC., ET AL.

CIVIL ACTION

VERSUS

AGRIBUSINESS UNITED NORTH
AMERICA CORPORATION, ET AL.

NO. 17-00252-BAJ-EWD

### RULING

Before the Court is a *Motion for Default Judgment* filed by Plaintiffs, Cooper/T. Smith Stevedoring Company, Inc. and Cooper Consolidated, LLC (collectively, "Plaintiffs" or "Cooper").[1] Defendants, Agribusiness United North America Corporation and the M/V AEC Diligence (collectively, "Defendants"), have not filed an opposition. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1333. For the following reasons, Plaintiffs' *Motion* is **GRANTED**.

I. **BACKGROUND**

This is an action to recover fees owed for certain stevedoring services. Plaintiffs allege that between July 1, 2015 and July 5, 2015, they provided necessaries, in the form of stevedoring services to load cargo, to Defendants at or about Mississippi River mile marker 179 near Darrow, Louisiana.[2] Despite amicable demand, Defendants have failed to pay the invoices for this work.[3] Plaintiffs brought this suit alleging that Defendants owe them $105,900.68 for the work performed and that it has a lien on the M/V AEC Diligence in that amount.[4]

---

[1] Doc. 14.
[2] Doc. 1, pp. 1-2.
[3] *Id.* at p. 2.
[4] *Id.* at pp. 2-3.

1

Cooper served Defendants with process on July 26, 2017.[5] Defendants have not made an appearance in this litigation. A Clerk's Entry of Default was entered against Defendants on September 14, 2017.[6] Cooper now moves this Court for the entry of a default judgment.[7]

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party who fails to plead or otherwise respond to the complaint within the required time period. Default may be entered against a defendant when the plaintiff shows "by affidavit or otherwise" that the defendant has failed to appear.[8] By virtue of the default, plaintiff's well-pleaded allegations of fact are deemed admitted.[9] After default is entered, the plaintiff may move for default judgment.[10] The decision to enter default judgment is within the sound discretion of the trial court.[11]

## III.  ANALYSIS

In entering a default judgment, the Court is mindful that such judgments are "generally disfavored in the law and thus should not be granted on the claim, without more, than the defendant has failed to meet a procedural time requirement."[12] "A defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered."[13] "The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of

---

[5] Doc. 8.
[6] Doc. 12.
[7] Doc. 14.
[8] Fed. R. Civ. P. 55(a).
[9] *Nishimatsu Const. Co., Ltd. v. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[10] Fed. R. Civ. P. 55(b)(2).
[11] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).
[12] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotations omitted).
[13] *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

law."[14] "A default judgment is unassailable on the merits ... only so far as it is supported by well-pleaded allegations, assumed to be true."[15] Accordingly, the reviewing court must "ensure that the unchallenged facts constitute a legitimate cause of action."[16] A "judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."[17] Accordingly, in order to grant damages, the amount must be certain.

After considering the factual allegations in the *Complaint*, it is clear that Cooper has asserted a claim for amounts due on an open account. Pursuant to Louisiana's law on open accounts,

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.[18]

Cooper's *Complaint* establishes that it sent Defendants written demand for the amount owed and such was not paid within 30 days. Accordingly, Plaintiffs are entitled to a judgment in the amount of $105,900.68, which has been established by invoices attached to the *Complaint*.[19] In addition, Louisiana's open account law provides for an

---

[14] *Id.* (emphasis in original).
[15] *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104, 113 (1884)).
[16] *Farrell v. Landrieu*, No. 14-0072, 2016 WL 1714227, at *2 (E.D. La. Apr. 1, 2016).
[17] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).
[18] La. Rev. Stat. § 9:2781.
[19] Docs. 1-2 and 1-2.

3

award for attorney's fees for the prosecution and collection of a claim.[20] Accordingly, Plaintiffs are also "entitled to recover reasonable attorney's fees, costs, and prejudgment and post judgment legal interest in obtaining this Judgment."[21]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs Cooper/T. Smith Stevedoring Company, Inc. and Cooper Consolidated, LLC's *Motion for Default Judgment* is hereby **GRANTED**.[22] Judgment shall be entered against Agribusiness United North America Corporation and the M/V AEC Diligence in the amount of $105,900.68, plus prejudgment and post judgment legal interest thereon, for unpaid stevedoring services provided by Plaintiffs Cooper/T. Smith Stevedoring Company, Inc. and Cooper Consolidated, LLC. In addition, Plaintiffs shall be awarded attorney's fees and costs pursuant to Louisiana Revised Statute § 9:2781. Plaintiffs shall file an Affidavit of Attorney's Fees and Costs incurred in obtaining this Judgment within 30 days of this Ruling so that reasonable attorney's fees may be calculated.

Signed in Baton Rouge, Louisiana, on March 28, 2018.

**CHIEF JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[20] La. Rev. Stat. § 9:2781.
[21] *Int'l Constr. Equip., Inc. v. Laborde Constr. Indus., L.L.C.*, No. 15-433, 2016 WL 4480689, at *3 (M.D. La. Aug. 24, 2016).
[22] Doc. 14.