UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COOPER/T. SMITH STEVEDORING  CIVIL ACTION
COMPANY, INC., ET AL

VERSUS
NO: 17-00252-BAJ-EWD
AGRIBUSINESS UNITED NORTH
AMERICA CORPORATION

## ORDER

The Court entered a Default Judgment against Defendants Agribusiness United North American Corporation and M/V AEC Diligence and in favor of Plaintiffs Cooper Consolidated, LLC and Cooper/T. Smith Stevedoring Company for $105,900.68 on March 29, 2018. (Doc. 17). The Court also awarded attorney's fees and costs, but ordered Plaintiffs to file an Affidavit of Attorney's Fees and Costs within thirty days to allow the Court to calculate a specific amount of attorney's fees and costs. (Doc. 17 at p. 4). Plaintiffs timely filed an Affidavit of Attorney's Fees and Costs, requesting $14,772.96. (Doc. 19 at p. 2).

In its Default Judgment Order, the Court found that Plaintiffs asserted a claim for amounts due on an open account under Louisiana's open accounts law, La. R.S. § 9:2781, because Plaintiffs alleged that they sent Defendants a written demand for an amount owed for shipping-related services and Defendant failed to pay the amount within 30 days. (Doc. 17 at p. 3). Under Louisiana's open accounts law, a defendant is liable for "reasonable attorney fees." La. R.S. § 9:2781(A).

1

Plaintiffs submitted time records for attorney's fees and costs and requested $14,772.96. (Doc. 96). But Plaintiffs did not provide a summary of the attorney's fees and costs; rather, they attached time records reflecting attorney's fees totaling $12,050 and costs of $698.96, for a total of $12,748.96. (Doc. 19-1). It is not apparent why then Plaintiffs requested $14,772.96 when the time records reflect costs and attorney's fees of $12,748.96.

The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* The party applying for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

Plaintiffs, though, have not provided sufficient information for the Court to calculate attorney's fees. Plaintiffs failed to provide sufficient information about the experience of each attorney who worked on this matter. Plaintiffs merely write that Frederick Swaim has 14 years in similar cases, and that another unnamed attorney on the case has 20 years of experience. (Doc. 19 at p. 2). It is also not clear how Plaintiffs arrived at the requested amount of attorney's fees. Plaintiffs explain that they calculated the fees using a blended hourly rate. (Doc. 19 at p. 2). But it is

unclear how exactly this rate was calculated. To calculate attorney's fees, the Court would need to know the specific fees requested for each attorney, the number of hours each attorney worked, the hourly rate of each attorney, and detailed information about the experience of each attorney.

Plaintiffs also request costs for photocopies, postage, a filing fee, and service of process costs. (Doc. 19). After reviewing Plaintiffs' time records, the Court finds that Plaintiffs incurred the following costs. (*See* Doc. 19-1).

| Item | Cost |
| --- | --- |
| Photocopies | $2.00 |
| Postage | $6.96 |
| Filing Fee | $400.00 |
| Service of Process | $290.00 |
| **TOTAL** | $698.96 |

Costs are recoverable under Rule 54(d) of the Federal Rules of Civil Procedure. But costs are limited to those listed in 28 U.S.C. §1920. The only recoverable cost sought by Plaintiffs is the $400.00 filing fee, which is expressly allowed by statute. *See* § 1920(1). Postage costs are not recoverable under § 1920 because they are not listed in the statute. *Raspanti v. U.S. Dep't of the Army*, No. 00-CV-2379, 2001 WL 1081375, at *13 (E.D. La. Sept. 10, 2001).

Copying fees are recoverable if the reproductions were "necessarily obtained for use in the case[.]" *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). And while a party need not "identify every xerox copy made for use in the course of legal proceedings, [courts] require some demonstration that reproduction costs necessarily result from that litigation." *Id.* Plaintiffs, however, have not explained why these

3

charges were necessary. (*See* Doc. 19). Finally, the Court will not award costs for service of process. "[A]bsent exceptional circumstances, the costs of a private process server is not recoverable under Section 1920." *Marmillion v. American International Insurance Co.*, 381 Fed. Appx. 421, 431 (5th Cir. 2010). And here, Plaintiffs have not cited any exceptional circumstances.

Accordingly,

Considering the **Affidavit of Attorney's Fees (Doc. 19)**,

**IT IS ORDERED** that Plaintiffs' request for attorney's fees is **DENIED WITHOUT PREJUDICE**. Plaintiffs may refile their request for attorney's fees within 21 days. Plaintiffs must detail the specific fees requested for each attorney, the number of hours each attorney worked, the hourly rate of each attorney, and detailed information about the experience of each attorney.

**IT IS FURTHER ORDERED** that the Court awards $400.00 in costs.

Baton Rouge, Louisiana, this 16th day of May, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**