UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COOPER/T. SMITH STEVEDORING              CIVIL ACTION
COMPANY, INC., ET AL

VERSUS

NO: 17-00252-BAJ-EWD

AGRIBUSINESS UNITED NORTH
AMERICA CORPORATION

## RULING AND ORDER

Before the Court is the **Affidavit for Attorneys' Fees and Costs (Doc. 21)**, in which Plaintiffs request $13,051.00 in attorney's fees and $1,670.00 in costs. For the following reasons, the Court grants Plaintiffs' attorney's fees request and denies Plaintiffs' request for costs.

## I.    BACKGROUND

The Court entered a Default Judgment against Defendants Agribusiness United North American Corporation and M/V AEC Diligence and in favor of Plaintiffs Cooper Consolidated, LLC and Cooper/T. Smith Stevedoring Company for $105,900.68 on March 29, 2018. (Doc. 17). The Court also awarded attorney's fees and costs, but ordered Plaintiffs to file an Affidavit of Attorney's Fees and Costs within thirty days to allow the Court to calculate a specific amount of attorney's fees and costs. (Doc. 17 at p. 4). Plaintiffs timely filed an Affidavit of Attorney's Fees and Costs, requesting $14,772.96. (Doc. 19 at p. 2). The Court awarded $400.00 in costs, but denied Plaintiffs' request for attorney's fees without prejudice because Plaintiffs failed to adequately detail the specific fees requested. (Doc. 20 at p. 4).

1

## II.    DISCUSSION

In its Default Judgment Order, the Court found that Plaintiffs asserted a claim under La. R.S. § 9:2781 for amounts due on an open account under Louisiana's open accounts law because Plaintiffs alleged that they sent Defendants a written demand for an amount owed for shipping-related services and Defendant failed to pay the amount within 30 days. (Doc. 17 at p. 3).  Under Louisiana's open accounts law, a defendant is liable for "reasonable attorney fees." La. R.S. § 9:2781(A).

Plaintiffs request $13,051.00 in attorney's fees, reflecting the following hours:

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| Frederick W. Swaim III | $205.00 | 28.00 | $5,740.00[1] |
| Jason Waguespack | $225.00 | 1.7 | $382.50 |
| Andrew Respess | $165.00 | 39.2 | $6,468.00 |
| David Loria | $165.00 | 2.3 | $379.50 |
| Lori Martin | $90 | 0.9 | $81.00 |
| | | 72.1 | $13,051.00 |

(Doc. 21 at p. 2).

The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.*  The party applying for attorney's fees bears the

---

[1] Plaintiffs requested $5,740.50, but $205.00*28 hours is $5,740.00, and not $5,740.50.

burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

A.     **Hourly Rates**

Frederick W. Swaim III has practiced law in Louisiana for over fourteen years, and he has extensive experience in litigating maritime personal injury, cargo damage and contract disputes. (Doc. 21 at ¶ 6). He is a director of Galloway, Johnson, Tompkins, Burr & Smith in New Orleans, Louisiana. *Id.* at ¶ 1. Plaintiffs request an hourly rate of $205.00 for Mr. Swaim, which is a reasonable rate for someone with his experience. (Doc. 21 at ¶ 6). *See Alonso v. Westcoast Corp.*, No. 13-00563, 2017 WL 4176973, at *7 (M.D. La. Sept. 21, 2017) (finding $300.00 an hour is a reasonable rate for an attorney with thirteen years of experience).

Jason Waguespack has been practicing law for over twenty years in Louisiana, and he has extensive experience in maritime law. (Doc. 21 at ¶ 7). He is also the Managing Director at Galloway. *Id.* Plaintiffs request an hourly rate of $225.00 for Mr. Waguespack, which is a reasonable rate for someone with his experience. *See Alonso*, 2017 WL 4176973, at *7 (M.D. La. Sept. 21, 2017) (finding $300.00 an hour is a reasonable rate for an attorney with thirteen years of experience); *Hernandez v. Theriot*, No. CV 14-42, 2017 WL 8942567, at *5 (M.D. La. Jan. 19, 2017) (finding

$250.00 an hour is a reasonable rate for an attorney with fifteen years of experience).

David Loria was an associate at Galloway for over ten years, and his practice focused on corporate transactions, insurance defense, and maritime law. (Doc. 21 at ¶ 9). Plaintiffs requests an hourly rate of $165.00 for Mr. Loria, which is a reasonable rate for someone with his experience. *See Alonso*, 2017 WL 4176973, at *7 (finding $300.00 an hour is a reasonable rate for an attorney with thirteen years of experience).

Andrew Respess is an associate at Galloway who has been practicing law for three years, and his practice focuses on corporate transactions, insurance defense, and maritime law. (Doc. 21 at ¶ 8). Plaintiffs requests an hourly rate of $165.00 for Mr. Respess, which is a reasonable rate for someone with his experience. *Ball v. Leblanc*, No. 13-00368, 2015 WL 5749458, at *4 (M.D. La. Sept. 30, 2015) (finding $200 per hour a reasonable rate for an attorney with four years of experience).

Lori Martin has been an assistant at Galloway for over twenty years and performed various paralegal tasks. (Doc. 21 at ¶ 10). Plaintiffs requests an hourly rate of $90 for Ms. Martin, which is a reasonable rate for paralegal work. *Winget v. Corp. Green, LLC*, 09-CV-0229, 2011 WL 2173840, at *6 (M.D. La. May 31, 2011) (awarding $95 per hour for paralegal work).

## B.    Reasonable Hours

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The applicant should exercise "billing

judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. "Hours which, though actually expended, nevertheless are excessive, redundant, or otherwise unnecessary, or which result from the case being overstaffed, are not hours reasonably expended and are to be excluded from this calculation. *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).

Here, after reviewing the time records provided by Plaintiffs, the Court finds that the requested 72.1 hours of work is reasonable. The billing records reflect that the attorney's used reasonable billing judgment and did not bill for excessive or overly duplicative work. (*See* Doc. 21-1).

C. Costs

Plaintiffs also requests $1,670.00 in costs associated with an asset search of Defendant Agribusiness United North America for $1,670.00. (Doc. 21 at p. 3). Costs are recoverable under Rule 54(d) of the Federal Rules of Civil Procedure. But costs are limited to those listed in 28 U.S.C. §1920, which includes

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

No category of costs under § 1920 would even arguably cover an asset search, and therefore the Court denies Plaintiffs request for $1,670 in costs.

III.   CONCLUSION

Accordingly,

Considering the **Affidavit of Attorney's Fees (Doc. 21)**,

**IT IS ORDERED** that Plaintiffs' request for $1,670.00 in costs is **DENIED**, and Plaintiffs' request for $13,051.00 in attorney's fees is **GRANTED**.

Baton Rouge, Louisiana, this _11th_ day of June, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**